IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID CARLTON, ) | |
| ) | |
| Plaintiff, ) | 8:05CV293 |
| ) | |
| vs. ) | |
| ) | |
| UNION PACIFIC RAILROAD ) | MEMORANDUM AND ORDER |
| COMPANY and UNION PACIFIC ) | |
| CORPORATION, ) | |
| ) | |
| Defendants. | |

Before the court is the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Filing No. 9). Plaintiff, David Carlton, has responded, opposing the motion and, in the alternative, requesting the court leave to file an amended complaint. The court, having considered the submissions of the parties, determines that plaintiff should be granted leave to file an amended complaint and that the defendants' motion to dismiss should be denied without prejudice to reassertion within the appropriate time after the filing of an amended complaint.

The court reaches this determination because it finds that the plaintiff does not properly plead the elements necessary to establish a hostile work environment claim. The Eighth Circuit has stated that, in order to state a claim for hostile work environment, a plaintiff must establish: (1) membership in a protected group; (2) the occurrence of unwelcome harassment; (3) a causal nexus between the harassment and the membership in the protected group; (4) that the harassment affected a term, condition, or privilege of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt and effective remedial action. See *Carter v. Chrysler Corp.,* 173 F.3d 693, 700 (8th Cir. 1999). In his complaint, the plaintiff asserts, among other things, claims

for hostile work environment under 42 U.S.C. § 2000(e) *et seq.* (Title VII), 42 U.S.C. § 1981, Neb. Rev. Stat. § 48-1114(2) (the Nebraska Fair Employment Practices Act), and Neb. Rev. Stat. § 20-148. After a careful review of the plaintiff's complaint, the court determines that it lacks allegations to support all the elements necessary to establish a cause of action for hostile work environment. Therefore, in the interest of justice and judicial economy, and pursuant to Fed. R. Civ. P. 15, the court will allow the plaintiff an opportunity to file his amended complaint to adequately plead the elements of his claims for hostile work environment. See Fed. R. Civ. P. 15(a) (leave to amend shall be freely given when justice so requires). Accordingly, the plaintiff is granted leave to amend his complaint.

IT IS HEREBY ORDERED:

1. That the plaintiff is granted 30 days from the date of this order to file his amended complaint; and

2. That the defendants' motion to dismiss (Filing No. 9) is denied without prejudice to reassertion within appropriate time after the filing of plaintiff's amended complaint.

DATED this 2nd day of March, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge