## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

DAVID CARLTON,                          )
                                        )
                Plaintiff,            )          8:05CV293
                                        )
      vs.                               )          ORDER
                                        )
UNION PACIFIC RAILROAD COMPANY          )
and UNION PACIFIC CORPORATION,          )
                                        )
              Defendants.           )

       This matter is before the court on the plaintiff's Motion to Compel (Filing No. 54). The plaintiff filed a brief (Filing No. 57) and an index of evidence (Filing No. 56) in support of the motion. The defendants filed a brief (Filing No. 58) and an index of evidence (Filing No. 59) in opposition to the motion. The plaintiff did not file a reply brief.

## BACKGROUND

       This case arises from the employment relationship between the parties. The plaintiff, a white male, was employed with the defendants from June 1998 through July 2004. **See** Filing No. 34 (Amended Complaint). The plaintiff alleges he participated in an investigation by the defendant of racial discrimination involving an African American co-worker. Specifically, the plaintiff provided testimony substantiating the co-worker's charge of on-the-job racial harassment and discrimination. The plaintiff alleges, that shortly after participating in such protected activity, he was labeled a troublemaker and accused of wrongdoing and subjected to other retaliatory conduct. Based on these allegations, the plaintiff filed this action against the defendants for retaliatory discharge and "retaliatory hostile work environment" in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-3; 42 U.S.C. § 1981; the Nebraska Fair Employment Practice Act (NFEPA), Neb. Rev. Stat. § 48-1101, *et seq.*; and Nebraska Revised Statute § 20-148.

       On February 17 and 20, 2006, the plaintiff served the defendants with discovery requests. **See** Filing No. 56, Exhibit 1 Neary Aff. ¶ 3; **see, e.g.,** Filing No. 27 (purported certificate of service for Interrogatories, but wrong document attached), Filing No. 28

(certificate of service for Requests for Production).  On May 12, 2006, the defendants served the plaintiff with responses including objections to the discovery.  **See** Filing No. 48 (certificate of service).  The plaintiff states "[c]ounsel for the parties have spent significant time and effort in an attempt to informally resolve these matters but were unable to notwithstanding their good faith and sincere attempts to do so."  **See** Filing No. 54 (motion); **see also** Filing No. 56, Exhibit 1 Neary Aff. ¶ 7 (generally describing attempts).

The plaintiff seeks to compel the defendants to supplement their responses to Interrogatory Nos. 7, 8, 10-13, 15-17 and Request for Production Nos. 25-28, 34, 34, 42-49, 68, and 77-79.  The plaintiff contends the defendants waived objections to discovery by failing to timely object when they served responses nearly sixty days late.   In the alternative, the plaintiff argues the defendants waived their objections by improperly answering over the objections.  Finally, the plaintiff contends the objections, if not waived, should be overruled on the merits.

The defendants have agreed to produce responsive documents and information for some of the discovery requests including a more narrow version of Interrogatory No. 17 and Request for Production Nos. 33-34 and 47-49.  The court will determine the merits of the remaining issues below.

**ANALYSIS**

**A.    Timliness**

Federal Rule of Civil Procedure 33(b)(3) provides:

> The party upon whom the interrogatories have been served shall served shall serve a copy of the answers, and objections, if any, within 30 days after the service of the interrogatories.  A shorter or longer time may be directed by the court or, in the absence of such an order, agreed to in writing by the parties subject to Rule 29.

Similarly, Rule 34(b) contains the same temporal limitation for responses to Requests for Production.  Rule 29 requires that any modification of the time limitation be made by written stipulation.  Further, the Nebraska Local Rules required such stipulations to be filed before they become effective.  NECivR 29.1.

The plaintiff argues the defendants have waived their objections to the interrogatories and requests for production. The defendants served responses to discovery nearly ninety days after service of the requests. The defendants show, however, that on March 27, 2006, counsel for the defendants sent an e-mail regarding the timing of the responses, stating "I assume . . . . that the responses are not necessarily due today." **See** Filing No. 59, Exhibit 4. Counsel for the plaintiff replied, "Right - just let me know when you're going to send them down." *Id.* Exhibit 5. While the e-mail correspondence clearly does not comply with either the federal rules or the local rule regarding extensions of time, the court will not deem the objections waived under the circumstances. In fairness, the plaintiff may not informally agree to an extension of time and fail to require a more timely response then appeal to the court on the basis of waiver.

## B.   Interrogatories

Federal Rule of Civil Procedure 33(b) provides:

> (1) Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable.
>
> * * * *
>
> (4) All grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown. Fed. R. Civ. P. 33. The Advisory Committee Notes state that "objections must be specifically justified, and . . . unstated or untimely grounds for objection ordinarily are waived." ***Advisory Committee Notes, Fed. R. Civ. P. 33*** (1993 Amendments).

The party opposing a motion to compel has the burden of showing its objections are valid by providing specific explanations or factual support as to how each discovery request is improper. ***St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.***, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (objecting party has the burden to substantiate its objections). Bare assertions that discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient to bar production. *Id.* "The party resisting discovery

3

must show specifically how . . . each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." ***Id.*** (citations omitted). The party resisting discovery has the burden to show facts justifying its objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. **See *Wagner v. Dryvit Sys., Inc.***, 208 F.R.D. 606, 610 (D. Neb. 2001). This imposes an obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money and procedure required to produce the requested documents. **See *id.***

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." ***Hickman v. Taylor***, 329 U.S. 495, 507 (1947). "To assess relevance in a given case, the court must view the matter in light of the specific claims and defenses asserted by the parties." ***Fletcher v. Atex, Inc.***, 156 F.R.D. 45, 48 (S.D.N.Y. 1994) (citations omitted). "[I]t is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken." ***Lewis v. ACB Business Servs., Inc.***, 135 F.3d 389, 402 (6th Cir. 1998) (**citing *Oppenheimer Fund***, 437 U.S. at 351-52). In the end, however, courts have "wide discretion with respect to discovery matters." ***Spangler v. Sears, Roebuck and Co.***, 138 F.R.D. 122, 123 (S.D. Ind. 1991) (citations omitted); **see *Credit Lyonnais v. SGC Int'l, Inc.***, 160 F.3d 428, 431 (8th Cir. 1998).

It is insufficient for the party objecting to discovery based on relevance to simply make conclusory allegations that the request is irrelevant. ***Burnett v. Western Res. Inc.***, CIV. A. No. 95-2145-EEO, 1996 WL 134830, *4 (D. Kan. Mar. 21, 1996). If the discovery sought appears relevant, the opposing party bears the burden of specifically showing how each discovery request is irrelevant. ***Id.*** However, a threshold showing of relevance is necessary before production of information, which does not reasonably bear on the issues in the case, is required. ***Hofer v. Mack Trucks, Inc.***, 981 F.2d 377, 380 (8th Cir. 1993). Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case. **See *Cervantes v. Time, Inc.***, 464 F.2d 986, 994 (8th Cir. 1972). Relevancy is to be broadly construed for discovery issues and is not limited to the precise issues set out in the pleadings. Relevancy, for purposes

4

of discovery, has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Discovery requests should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action.  **See** *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121 (M.D.N.C. 1989);  *Morse Diesel, Inc. v. Fidelity & Deposit Co.*, 122 F.R.D. 447 (S.D.N.Y. 1988).

  **1. Interrogatory Nos. 7 and 8**

  Interrogatory No. 7 states:

> From January 1, 2000 through the present, please set forth any and all other communications (written, verbal or nonverbal gestures) between any and all employees, supervisors, agents or management employees of the Defendants who worked in Colorado, Nebraska, Kansas and Iowa which included derogatory racial and/or gender based comments or references.  (For each incident include date, substance of communication or conduct and persons present.)

**See** Filing No. 56 Exhibit 1A.

  In conjunction therewith, Interrogatory No. 8 states:

> Please set forth any and all action taken by the Defendants in response to each and every incident set forth in Interrogatory No. 7 above.  (For each include a description of the investigation, the findings of the investigation and any and all action and disciplinary action taken.)

*Id.*

  In response to Interrogatory No. 7, the defendants stated:

> Defendant objects to this interrogatory as not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome.  Subject to and without waving said objections, for documents referencing the complaint made by plaintiff against Richard Jepsen, see disclosures made pursuant to Rule 26 and documents in response to plaintiff's Request for Production of Documents.

> Further responding, information on all termination and
> harassment retaliation complaints made by employees in the
> four states during the requested time frame is produced
> hereby.

*Id.*  In response to Interrogatory No. 8, the defendants objected "as not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome."  *Id.*

The plaintiff contends he seeks "information regarding the manner in which the Defendant investigates and processes discrimination matters and whether they prosecute, investigate and discipline alleged unlawful conduct in the workplace."  The plaintiff clarifies that  the interrogatories seek "the Defendant's actual use implementation of their alleged Zero Tolerance policy and the subsequent actions taken by [the plaintiff] because of the Defendant's failure to effectively enforce said policy."  **See** Filing No. 57 (Plaintiff's Brief). Further, the plaintiff contends Mr. Jepsen did not receive any mandatory discipline for his racially derogatory comments.  The plaintiff argues it is the defendants' position that the plaintiff was dissatisfied with Mr. Jepsen's lack of discipline and that the plaintiff "rallied Jepsen's subordinates against him."  The plaintiff also alleges Mr. Jepsen made derogatory comments about the black female EEO investigator, without discipline.  The plaintiff contends discovery regarding the manner of discipline and investigatory process is relevant to this case because Mr. Jepsen repeatedly violated the EEO policy and was not disciplined.

The defendants contends the plaintiff's interrogatories are "overly broad and predatory."  The defendants argue the plaintiff seeks information unrelated to this action. Specifically, the plaintiff's claim is for retaliation, rather than for gender or racial discrimination.   Further, because the plaintiff may have heard, but did not report, inappropriate gender or race-based comments does not entitled the plaintiff to such broad discovery, if it is available.  The defendants allege the plaintiff is attempting to litigate the third-party racial discrimination case, rather than the plaintiff's termination. The defendants argue the plaintiff inappropriately attempts to show disparate treatment by comparing individuals to the plaintiff who are not similarly situated.  Finally, the defendants state the

only method to garner the breadth of information sought by the plaintiff is to interview thousands of employees.

Requests for production should identify categories of documents with reasonable precision. *Schartz v. Unified Sch. Dist. No. 512*, No. 95-2491, 1996 WL 741384, *1 (D. Kan. Dec. 18, 1996). "If an omnibus phrase modifies a sufficiently specific type of information or documents, the request may survive an objection that it is overly broad. If it modifies general categories of information or documents, however, the discovery request is generally objectionable, as overly broad or unduly burdensome." *Id.* (concluding request seeking all documents used to calculate damages and request seeking all documents for the plaintiff's accounts were sufficiently precise). "A party resisting facially overbroad or unduly burdensome discovery need not provide specific, detailed support." *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 665 (D. Kan. 1999) (citation omitted); **see** *Johnson v. Kraft Foods N. Am., Inc.*, No. 05-2093, 2006 WL 1675942, *5 (D. Kan. June 16, 2006). Furthermore, a court requires no further response when inadequate guidance exists to determine the proper scope of a request for discovery. *Cotracom*, 189 F.R.D. at 666.

Interrogatory Nos. 7 and 8 are facially overly broad. While the interrogatories are confined to a particular time frame, they are not narrow in scope. The plaintiff's explanation for interrogatories does not sufficiently reduce the breadth of information sought, nor does the explanation provide an adequate connection between the information sought and any issue in the case. Accordingly, the plaintiff has failed to show such discovery has any possible bearing on the subject matter of the action. Therefore, the defendants need not supplement their responses to Interrogatory Nos. 7 and 8.

### 2.   Interrogatory Nos. 10 through 13

In Interrogatory No. 10, the plaintiff seeks:

> From January 1, 2000 through the present, please set forth each and every instance in which any current or former employee made a complaint of and/or participated in any investigation regarding racial or gender based harassment, discrimination or retaliation. (Limited to Nebraska, Colorado,

7

> Iowa and Kansas operations and includes complaints to and/or
> participation with Defendants or third party/agencies known by
> the Defendants).

**See** Filing No. 56, Exhibit 1A.  The plaintiff has agreed to limit the interrogatory to racial communications/comments and to exclude gender based comments.  **See** Filing No. 57 (Plaintiff's Brief).

The defendant responded as follows:

> Defendant objects to this interrogatory as not reasonably
> calculated to lead to the discovery of admissible evidence,
> overly broad and unduly burdensome.  Subject to and without
> waving said objections, the following individuals have filed
> claims of retaliation both internally and externally for retaliation
> based on termination of employment and/or harassment:
> [listing 21 individuals].

**See** Filing No. 56, Exhibit 1A.

Interrogatory No. 11 states, "[f]or each incident listed in response to interrogatory No. 10 above, please set forth in detail the Defendants' response to each complaint or report of discrimination, harassment or retaliation."  ***Id.***  Similarly, Interrogatory No. 12 requests the defendants to "describe in detail the final disposition for each incident (including whether or not disciplinary action was imposed against any employee involved in each incident, the reasons why disciplinary action was or was not taken and the nature and extent of disciplinary action)."  ***Id.***  Finally, the plaintiff asks, "please describe the number of times each employee had been involved in other incidents of discrimination, harassment or retaliation involving other employees."  ***Id.***  The defendants responded to each of these three interrogatories by objecting "as not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome."  ***Id.***

The plaintiff argues he is seeking basic comparator information about how persons who engaged in protected activity were treated by the defendants.  The plaintiff states he had an exemplary work record pre-incident, but suffered multiple disciplinary problems after his protected activity.  Therefore, the plaintiff contends comparator information about all current or former employees who reported or participated in investigations regarding discrimination and retaliation is central to this action.

8

The defendants argue the plaintiff's interrogatories are overly broad. The defendants state they have produced information about all internal retaliation claims based on harassment and termination of employment, as well as all formally filed claims based on termination of employment for the past six years in a four state region. The defendants also agreed to produce responsive information where Herman Martin was a decision maker. **See** Filing No. 58 (Defendants' Brief). The defendants argue the plaintiff fails to show how claims based on discrimination or harassment are relevant or necessary. Finally, the defendants state it is impossible to determine who participated in investigations if such participants do not file their own complaints.

The plaintiff fails to explain how any additional responsive information, not previously produced by the defendants, can have any possible bearing on the subject matter of this action. The mere fact that an employee or former employee alleged harassment, discrimination or retaliation or participated in an investigation of such allegations does not make such an employee a "comparator" of the plaintiff. Furthermore, the nature of these investigations are such that some information may be confidential and sensitive. Accordingly, the plaintiff has the burden of showing at least some nexus between the information sought and the plaintiff's current allegations. The plaintiff has failed to meet this burden with regard to Interrogatory Nos. 10-13. The defendants have already produced responsive information regarding formal retaliation and harassment claims. The defendants state no such responsive information exists for participants and the plaintiff does not dispute the contention. **See *Byrd v. Reno***, NO. 96-2375CKK, 1998 WL 429676, *17 (D.D.C. Feb. 12, 1998) (The court cannot compel what the party does not have.); ***Towner v. Med. James, Inc.***, 1995 WL 477700 *1, 5, 7 (D. Kan. Aug. 9, 1995) ("The court cannot compel additional answer, when the answering party has purportedly given all it knows."). Under the circumstances, the defendants will not be required to provide supplemental responses to Interrogatory Nos. 10 through 13.

### 3.    Interrogatory Nos. 15 through 17

In Interrogatory Nos. 15 through 17, the plaintiff seeks information about current and former employees who have allegedly violated the same company rules the plaintiff was

accused of violating, Rule 1.7 (altercations) and Rule 1.13 (failure to comply with instructions).  **See** Filing No. 56, Exhibit 1A.  The plaintiff particularly seeks information related to terminations from employment regardless of whether the employee engaged in protected activity.  The defendants objected to each interrogatory on the basis of over breadth and undue burden, but then listed twenty-four separate incidents.

During the course of discovery, the plaintiff has learned of two incidents involving employee assaults which were not included by the defendants in their responses to interrogatories.  The defendants state they have agreed to produce information about all reported claims during a seven-year period for the four state region identified by the plaintiff.  The defendants have also agreed to produce a supplemental response with information involving Herman Martin, the ultimate decision maker.   However, the defendants state they cannot produce responsive information about rule violations which were not reported to the defendants.  The defendants claim the only way to produce such information would be to interview thousands of employees.  Again, the defendants will not be required to produce information they do not have, namely information about rule violations which were not reported.  Furthermore, the plaintiff fails to show how such information would reasonably bear on the subject matter of this action.  Accordingly, the plaintiff's motion to compel supplemental responses to Interrogatory Nos. 15 through 17 will be denied.

## C.     Requests For Production

Federal Rule of Civil Procedure 34 allows a party to request of another party production of documents for inspection and copying.  Fed. R. Civ. P. 34(a); **see also** Fed. R. Civ. P. 45 (production requirements for non-party).  The rule applies to such documents "which are in the possession, custody or control of the party upon whom the request if served."  **Id.**

### 1.     Request for Production No. 25

Request for Production No. 25 states:  From 1999 through the present, copies of any documents, statements, reports, narratives, emails or other tangible items which relate to

allegations of workplace racial harassment, racial discrimination and/or retaliation of any nature. **See** Filing No. 56, Exhibit 1B. In response, the defendants stated: Defendant objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome. Subject to and without waving said objection, defendant hereby produces a document listing retaliation allegations relating to harassment and termination since 2000. *Id.* However, the plaintiff makes no argument for the additional production of responsive documents. The plaintiff states he raised this issue to preserve it, but wishes to confer with counsel for the defendants further. The plaintiff filed no response brief and the court is unable to discern any relief sought. Accordingly, the plaintiff's motion to compel will be denied with regard to Request for Production No. 25.

### 2.     Request for Production Nos. 26 and 27

Request for Production Nos. 26 and 27 seek documents related to the production disclosed related to Request for Production No. 25, particularly documents related to investigations, disciplinary or other remedial action taken and personnel files of persons involved. **See** Filing No. 56. The defendants objected to these requests "as not reasonably calculated to lead to the discovery of admissible evidence, overly broad and unduly burdensome."

The plaintiff contends he seeks discovery about the type of reports made, the investigatory process and findings and the treatment of victims and rule violators. **See** Filing No. 57, p. 7 (Plaintiff's Brief). The plaintiff alleges that although the defendants state a zero tolerance policy for rule violations, the actual enforcement of the policy has been lackluster. The defendants now state they agreed to provide responsive documents regarding retaliation claims limited to the four state region or those claims handled by Herman Martin, the ultimate decision maker in this case. However, the defendants assert the plaintiff can show no relevance with regard to racial harassment or discrimination claims. The court agrees, for the reasons stated above with regard to Interrogatory Nos. 10 through 13. The plaintiff has failed to show the information sought, outside that the defendants have agreed to produce, has any possible bearing on the subject matter of this

action.  Accordingly, the plaintiff's motion to compel will be denied with regard to Request for Production Nos. 26 and 27.

### 3.      Request for Production No. 28

The plaintiff seeks "Copies of personnel file of any and all employees who were disciplined and/or terminated by the Defendant from 1999 through the present."  **See** Filing No. 56, Exhibit 1B.  The plaintiff has agreed to limit this request to only those persons affected by company Rule 1.7 and/or Rule 1.13.  The plaintiff contends the information is relevant to determine whether the defendants apply and enforce the companies rules uniformly.  Additionally, the plaintiff argues all terminations under these rules ultimately approved by the human resources department are relevant.

The defendants have identified the Director of Signal Construction, Herman Martin, as the ultimate decision maker in this case.  Therefore, they argue only the terminations dealt with by him are potentially relevant.  The defendants agreed to produce documents responsive documents to the plaintiff's narrowed request before the plaintiff's motion was filed.  **See** Filing No. 58, Defendants' Brief p. 12-13; Filing No. 59, Exhibit 1.  Accordingly, the defendants' objections are stricken to the request, as narrowed, however the plaintiff's motion to compel is moot.

### 4.      Request for Production Nos. 33, 34, 47, 48 and 49

In Request for Production Nos. 33, 34, 47, 48 and 49 the plaintiff seeks all documents related to the allegations of workplace discrimination, harassment or retaliation made by Autry Coleman and the participation of Jake Felshaw, Bill Alaimo and Don Ruffin in EEO investigations.  **See** Filing No. 56, Exhibit 1B.  The defendants had initially objected to these requests, but also stated that without waiving such objections they would produce documents.  **Id.**  Subsequently and before the plaintiff filed the motion to compel, the defendants reiterated that they would produce all responsive documents.  **See** Filing No. 58, Defendants' Brief p. 13; Filing No. 59, Exhibit 1, p. 11.  Accordingly, the defendants' objections are stricken, however the plaintiff's motion to compel is moot.

### 5.    Request for Production Nos. 42 through 46

In Request for Production Nos. 42 through 46 the plaintiff seeks all tangible items "relating to investigations undertaken with respect to any alleged Rule 1.13 and/or Rule 1.7 violation regarding any current or former employee from 1999 to present." **See** Filing No. 56, Exhibit 1B.  The requests include the results of any investigations, disciplinary action taken, personnel files and the identity of the decision makers. **_Id._** The defendants objected to these requests but attached an employee discipline history and agreed to produce responsive information for the four-state region and that handled by Herman Martin. **See** Filing No. 56, Exhibit 1B; Filing No. 58, Defendants' Brief p. 13.

The plaintiff argues he seeks basic comparator information about whether the defendants uniformly require reporting, enforcement and discipline of rule violations.  As described above for Interrogatory Nos. 10 through 13, the plaintiff fails to explain how additional responsive information, beyond that produced by the defendants, can have any possible bearing on the subject matter of this action.  Accordingly, the defendants will not be required to provide supplemental responses to Request for Production Nos. 42 through 46.

### 6.    Request for Production No. 68

In Request for Production No. 68, the plaintiff seeks "Copies of job descriptions for any and all current or former employees of the Defendants who assisted in the EEO and/or Retaliation issues which are the subject matter of this action." **See** Filing No. 56, Exhibit 1B.  The defendants objected as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence, then stated, "see Brotherhood of Railway Signalmen Agreement effective January 1, 1999 & Appendices; Brotherhood of Railway Signalmen Agreement effective February 1, 2000 and Appendices." **_Id._** The plaintiff states the defendants have not yet produced the job descriptions. **See** Filing No. 57, Plaintiff's Brief p. 57.

The defendants maintain they already notified the plaintiff they "would produce" the documents and the requested information about management personnel. **See** Filing No. 58, Defendants' Brief p. 14.  The problem seems to be that the defendants have not yet

produced the documents, rather than any dispute over the refusal to produce.  Accordingly, the plaintiff's motion to compel is granted.  Additionally, the defendants' objections are stricken and they shall timely produce the documents sought.

### 7.    Request for Production Nos. 77, 78 and 79

Request for Production Nos. 77, 78 and 79 seeks documents related to allegations, investigations of physical threats, bodily harm or assaults involving former or current employees of the defendants from 1999 through the present.  **See** Filing No. 56, Exhibit 1B. The requests also seek documents related to any disciplinary action taken.  *Id.*  The defendants objected as overly broad, unduly burdensome and not likely to lead to the discovery of admissible evidence, then stated, "without waiving said objection, see documents hereby produced."  *Id.*

The plaintiff argues these requests seek basic comparator information about whether the defendants uniformly require reporting, enforcement and discipline of alleged violations of company Rule 1.7 (altercations).  The defendants reiterate they have agreed to produce documents about Rule 1.7 violations in a four state region and with Mr. Martin as the decision maker.  However, the defendants argue the requests are overly broad as they seek information about unreported incidents.

The defendants will not be required to produce information they do not have, namely information about rule violations which were not reported.  Furthermore, the plaintiff fails to show how such information would reasonably bear on the subject matter of this action. Accordingly, the plaintiff's motion to compel supplemental responses to Request for Production Nos. 77, 78 and 79, similar to Interrogatory Nos. 15 through 17, will be denied.

## D.    Sanctions

Upon reviewing the circumstances of this case, finding the motion to compel was warranted as to some of the information sought, and finding some of the objections were

substantially justified,[1] the court finds sanctions should not be imposed in this matter.  The defendants have asserted legitimate reasons for several of the objections it submitted, though not all were found to be supportable.  Thus, the court finds the defendants have shown substantial justification for their position as to the discovery responses addressed herein.  **See** Fed. R. Civ. P. 37(a)(4)(A).  Furthermore, because the motion was granted in part and denied in part, the court is not required to apportion attorney fees or expenses between the parties.  **See** Fed. R. Civ. P. 37(a)(4)(C) (noting the court *may* apportion expenses incurred between the parties when a motion to compel is granted in part and denied in part).  Under the circumstances, the court does not find the imposition of sanctions to be warranted in this case and will not assess sanctions against either party with regard to the instant discovery dispute.  Upon consideration,

**IT IS ORDERED:**

1.      The plaintiff's Motion to Compel (Filing No. 54) is granted in part and denied in part.  The plaintiff's motion is granted with regard to Request for Production No. 68 and to the extent that the defendants' objections to Request for Production Nos. 28, 33, 34, 47, 48 and 49 are stricken.  The plaintiff's motion is denied in all other respects.

2.      The defendants shall **have to on or before August 11, 2006**, to supplement their discovery responses and provide production of documents as necessary under the terms of this order.

DATED this 1st day of August, 2006.

BY THE COURT:

 s/Thomas D. Thalken
United States Magistrate Judge

---

[1]  The provisions of Rule 37(a)(4) provide that sanctions may not be appropriate where a motion was substantially justified.  "Making a motion, or opposing a motion, is 'substantially justified' if the motion raised an issue about which reasonable people could genuinely differ on whether a party was bound to comply with a discovery rule."  Charles A. Wright, et al., ***Federal Practice and Procedure*** § 2288 (2d ed. 1994).