UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID CARLTON, ) | 8:05CV293 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER GRANTING IN |
| ) | PART AND DENYING |
| UNION PACIFIC RAILROAD ) | IN PART DEFENDANTS' |
| COMPANY and UNION PACIFIC ) | MOTIONS IN LIMINE |
| CORPORATION, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, David Carlton, filed this action against defendants Union Pacific Railroad Company and Union Pacific Corporation (collectively referred to as "Union Pacific"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e-3 (referred to as "Title VII"), 42 U.S.C. § 1981, and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1101 et seq.  Union Pacific moves in limine to exclude: (I) evidence and argument that Union Pacific harassed Carlton based upon his association with a member of a protected class; (II) evidence of the EEOC's "cause" finding; (III) evidence of Union Pacific's alleged retaliation of other former employees; (IV) evidence of altercations between Union Pacific employees over non-work related matters; and (V) evidence regarding an alleged altercation involving Mike Lehman in 1986.  Carlton opposes the motions.

I.  **Harassment Based on Association with a Protected Class**

Union Pacific moves to exclude evidence and argument that Union Pacific harassed Carlton based upon his association with an African American. Specifically, Union Pacific argues that this evidence is irrelevant because Carlton cannot, as a matter of law, recover on his associational hostile work place under either Title VII or § 1981, and thus, evidence of this claim is irrelevant under Fed. R. Evid. 401.

The court concludes that evidence of Union Pacific's alleged harassment is admissible because it is relevant to both Carlton's retaliation claim and his hostile work environment claim under § 1981. As a general matter, a plaintiff can assert a retaliation claim under § 1981. In Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 259 (8th Cir. 1996), the Court of Appeals for the Eighth Circuit recognized that § 1981 supports a retaliation claim: "A plaintiff establishes a prima facie case of retaliation under § 1981 by proving: (1) statutorily protected participation; (2) adverse employment action; and (3) a causal relationship between the two." See also Kim v. Nash Finch Co., 123 F.3d 1046, 1059 (8th Cir. 1997). Section 1981 also supports a claim for discrimination based upon association with a racial minority. See Drake v. Minn. Mining & Mfg., 134 F.3d 878, 884 (7th Cir. 1998) (recognizing associational race discrimination claim under § 1981); see also Murrell v. Ocean Mecca Motel, Inc., 262 F.3d 253, 258 (4th Cir. 2001); Rosenblatt v. Bivona & Cohen, P.C., 946 F. Supp. 298, 300 (S.D.N.Y. 1996).

2

Relying on <u>Hart v. Transit Management of Racine, Inc.</u>, 426 F.3d 863, 866 (7th Cir. 2005), Union Pacific argues that § 1981 only supports a claim for discrimination based upon the plaintiff's race. In other words, Carlton can only recover under § 1981 if he was discriminated against because he was white and not on either his retaliation claim or his associational hostile work environment claim. The court disagrees with this construction of § 1981 and refuses to follow <u>Hart</u>. The Court of Appeals for the Seventh Circuit explicitly overruled <u>Hart</u> in <u>Humphries v. CBOCS West, Inc.</u>, No. 05-4047, 2007 WL 60876 (7th Cir. Jan. 10, 2007). In <u>Humphries</u>, the Seventh Circuit ruled that a plaintiff could assert a § 1981 retaliation claim if the plaintiff was discriminated against for complaining about the discrimination of others. <u>Id.</u> at *8. Furthermore, several courts have recognized a § 1981 retaliation claim when a white plaintiff is retaliated against for complaining about or objecting to racial discrimination of a minority third person. See <u>Bainbridge v. Loffredo Gardens, Inc.</u>, 378 F.3d 756, 761 (8th Cir. 2004); <u>MacIntosh v. Bldg. Owners & Managers Ass'n Intern.</u>, 355 F. Supp. 2d 223, 226 (D.D.C. 2005), <u>rev'd in part on other grounds by</u> 378 F.3d 756 (8th Cir. 2004); <u>Farmer v. Lowe's Cos., Inc.</u>, 188 F. Supp. 2d, 612, 618 (W.D.N.C. 2001); <u>Hagemann v. Molinari</u>, 14 F. Supp. 2d 277, 286 (E.D.N.Y. 1998). Additionally, a white plaintiff can assert a claim under § 1981 if the plaintiff is harassed for associating with a racial minority. See <u>Drake</u>, 134 F.3d at 884; see also <u>Murrell</u>, 262 F.3d at 258; <u>Rosenblatt</u>, 946 F. Supp. at 300.

The court thus concludes that Carlton has asserted a cognizable § 1981 claim for both retaliation and hostile work environment based upon his association with an African American co-worker, and Union Pacific's motion to exclude evidence of harassment is denied.[1]

## II.  Evidence of EEOC's Cause Finding

Union Pacific moves to exclude admission of the EEOC cause determination.  Carlton does not oppose the motion.  Thus, Union Pacific's motion to exclude the EEOC cause determination is granted.

## III.  Retaliation Against Other Employees

Union Pacific moves to exclude evidence of its alleged retaliation against Jake Felshaw and Bill Aliamo.  Union Pacific argues that the probative value of this evidence is substantially outweighed by the risk of unfair prejudice associated with requiring Union Pacific to defend this "trial-within-a-trial."  In response, Carlton argues that this evidence is probative because Felshaw and Aliamo suffered retaliation after engaging in the same protected activity as him, namely testifying in other EEOC proceedings.

---

[1] Union Pacific also argues that evidence of harassment is inadmissible because Carlton failed to exhaust his administrative remedies, and thus, he cannot recover for hostile work environment under Title VII.  Union Pacific is raising this issue in a motion in limine rather than on summary judgment.  Because the court finds that the evidence is admissible to prove Carlton's § 1981 claims, the court refrains from deciding at this time whether Carlton's Title VII hostile work environment claim is barred due to his failure to exhaust administrative remedies.  Instead, the court will consider this issue if defendants move for judgment as a matter of law at the close of Carlton's case-in-chief at trial.

Fed. R. Evid. 403 empowers the court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." In discrimination cases, the court should exhibit particular care in excluding evidence of defendant's discrimination against other employees because " '[a] plaintiff's ability to prove discrimination indirectly, circumstantially, must not be crippled by evidentiary rulings that keep out probative evidence because of crabbed notions of relevance . . . .' " Callanan v. Runyun, 75 F.3d 1293, 1298 (8th Cir. 1996) (quoting Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988)) (alteration and omission in original). "Because an employer's past discriminatory policy and practice may well illustrate that an employer's asserted reasons for disparate treatment are pretext for intentional discrimination, this evidence should normally be freely admitted at trial." Hawkins v. Hennepin Tech. Ctr., 900 F.2d 153, 155-56 (8th Cir. 1990).

Here, the court finds that the evidence of alleged retaliation against Felshaw and Aliamo is highly probative on whether Union Pacific illegally retaliated against Carlton. Notably, all three men testified before the EEOC in the same racial discrimination proceeding. Following this testimony, all three men were allegedly retaliated against. Evidence that Union Pacific retaliated against Felshaw and Aliamo is relevant and will help the jury

5

determine whether there was a causal connection between Carlton's testimony before the EEOC and the alleged retaliation.  See Barge, 87 F.3d at 259 (stating the elements of retaliation claim).  The court finds that the probative value of this evidence is not substantially outweighed by the risk of either unfair prejudice or wasted time, and thus, Union Pacific's motion to exclude this evidence is denied.

**IV.     Similarly Situated Evidence**

Union Pacific moves to exclude evidence that other Union Pacific employees who fought with co-workers over matters other than work-related matters were not terminated as a result of the fight.  It is undisputed that Union Pacific terminated Carlton.  Union Pacific alleges that it terminated Carlton because Carlton got into an altercation with Pat Coker, a co-worker, over a work-related matter.

This altercation occurred off Union Pacific property while Carlton was off duty.  Union Pacific alleges it terminated Carlton because the altercation violated Rule 1.7, which states "[e]mployees must not enter into altercations with each other, play practical jokes, or wrestle while on duty or on railroad property." (Docket 92-1, at 12 (alteration in original)).  An employee's violation of Rule 1.7 results in mandatory termination.  Union Pacific further alleges that Herman Martin, the ultimate decision maker who terminated Carlton, interprets Rule 1.7 to prohibit all altercations between

6

co-workers about work-related matters, even if the altercation occurs off Union Pacific property and when the workers are off duty.

In an effort to prove that Union Pacific's stated justification for terminating him was pretext, Carlton proffers evidence that other Union Pacific employees fought while off-duty but were not terminated. Union Pacific argues that this evidence is irrelevant because these other employees were not "similarly situated" to Carlton. Specifically, Union Pacific contends that no other employees got into altercations over work-related matters.

If Carlton was punished differently than other similarly situated employees, this would provide evidence of pretext. See Barge, 87 F.3d at 259-60. To prove pretext, Carlton must establish that he was punished more severely than other similarly situated employees. See Lynn v. Deaconess Med. Center–West Campus, 160 F.3d 484, 487 (8th Cir. 1998). The test for whether other employees are "similarly situated to warrant a comparison to a plaintiff is a rigorous one." E.E.O.C. v. Kohler Co., 335 F.3d 766, 775 (8th Cir. 2003) (internal quotation omitted). Employees are similarly situated if they have "the same supervisor, have been subject to the same standards, and engaged in the same conduct without any mitigating or distinguishing circumstances." Clark v. Runyon, 218 F.3d 915, 919 (8th Cir. 2000). "To show that employees are similarly situated, a plaintiff need only establish that he or she was treated differently than other employees whose violations were of 'comparable seriousness.'" Lynn, 160

F.3d at 488 (quoting Ricks v. Riverwood Int'l Corp., 38 F.3d 1016, 1019 (8th Cir. 1994)).

    Here, the jury will have to decide whether Union Pacific's invocation of Rule 1.7 was pretext for terminating Carlton. To help the jury make this decision, Carlton proffers evidence of other off-site, off-duty altercations between co-workers. The court finds that Carlton presented sufficient evidence to create a question of fact for the jury whether he was similarly situated to other employees, or whether the fact that his alleged altercation with Coker involved work-related matters distinguishes him from the other employees.[2] See Lynn, 160 F.3d at 488-89 (noting that differences between a plaintiff and another employee can a raise question of fact for trial regarding whether the plaintiff and the employee were similarly situated). The court thus will permit Carlton to present evidence of other off-duty altercations between co-workers because, if the jury concludes that Carlton is in fact similarly situated to those other employees, this is highly probative evidence of pretext. See Barge, 87 F.3d at 259-60.

    Carlton also proffers evidence that other employees got into altercations with non-employees. The court finds that these employees are not similarly situated to Carlton. An off-duty fight between co-workers is

---

[2] Similarly, at the summary judgment stage, Judge Battalion denied summary judgment because a question of fact existed regarding whether Carlton's termination was pretext because other similarly situated employees were not terminated. (Docket 80, at 16).

8

different, and from the employer's perspective more severe, than a fight between an employee and a non-employee. See Kohler Co., 335 F.3d at 776 ("To be probative evidence of pretext, the misconduct of more leniently disciplined employees must be of comparable seriousness."); see also Lynn, 160 F.3d at 488. Because these employees are not similarly situated to Carlton, this evidence does not make it more likely that Union Pacific's invocation of Rule 1.7 as grounds for terminating Carlton is pretextual. This evidence thus is irrelevant and inadmissible. See Fed. R. Evid. 401, 402. Further, the court excludes this evidence because its limited probative value is substantially outweighed by the unnecessary waste of time required to have a mini-trial on whether these altercations were similar to the alleged altercation between Carlton and Coker. See Fed. R. Evid. 403.

In sum, the court finds that evidence of other altercations between co-workers that occurred both off Union Pacific property and while the employees were off-duty is admissible. The court excludes, however, evidence of altercations between Union Pacific employees and non-employees.

**V.    Mike Lehman's Alleged Altercation in 1986**

Union Pacific moves to exclude evidence that Mike Lehman allegedly was involved in an altercation with a co-worker in 1986 and was allowed to return to work after obtaining anger counseling. Union Pacific argues that Lehman is not similarly situated to Carlton because he did not have the

9

same supervisor as Carlton and because there is no evidence indicating that Rule 1.7 governed Lehman. In response, Carlton requests the court to withhold ruling on this motion so that he may attempt to lay adequate foundation at trial to prove that Lehman is similarly situated to Carlton. The court agrees that Carlton should have an opportunity to lay foundation, and thus, the court will not exclude this evidence at this time. If, however, Carlton fails to lay adequate foundation, then Union Pacific should assert the appropriate objection at trial.

Based on the foregoing, it is hereby

ORDERED that Union Pacific's motion (Docket 91) in limine is granted in part and denied in part as described herein.

Dated February 9, 2007.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE